IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01114-WJM-MJW

EUGENE GALLEGOS and
DIANE GALLEGOS,

Plaintiff(s),

v.

SAFECO INSURANCE COMPANY OF AMERICA,

Defendant(s).

---

MINUTE ORDER

---

Entered by Magistrate Judge Michael J. Watanabe

    It is hereby ORDERED that Plaintiffs' Motion for Protective Order Re: Scope of Second Deposition of Scott Johnson, P.E. (docket no. 63) and Plaintiffs' Supplement to Plaintiffs' Motion for Protective Order Re: Scope of Second Deposition of Scott Johnson, P.E. (docket no. 66) are both DENIED for the following reasons.  Defendant may take a second deposition of Scott Johnson, P.E., for an additional four hours, and such deposition may include questioning of Mr. Johnson's November 20, 2014, report and supporting exhibits.  Each party shall pay their own attorney fees and costs for these motions (docket nos. 63 and 66).

    It is FURTHER ORDERED that the discovery cut off date is extended to March 31, 2015, to allow the completion of Scott Johnson, P.E.'s deposition.

    Rule 26(c) of the Federal Rules of Civil Procedure provides that for "good cause" shown the court may enter an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense.  It is the Defendants' burden to establish sufficient "good cause."  See Nestle Foods Corp. v. Aetna Cas. & Surety Co., 129 F.R.D. 483, 484 (D.N.J. 1990); United States v. Hooker Chems. & Plastics Corp., 90 F.R.D. 421, 425 (W.D.N.Y 1981).  The decision to issue a protective order rests within the sound discretion of the trial court.  Sladek v. Bank of Am., N.A., 2014 WL 2882664, at *1 (D. Colo. June 24, 2014).

    Scott Johnson is a professional engineer hired by the Plaintiffs and whose report was submitted to Safeco [Defendant] when this case was filed.  On October 17, 2014, Safeco [Defendant] took the deposition of Mr. Johnson for approximately three hours.  Safeco [Defendant] now seeks a continued deposition [second deposition] of Mr.

2

Johnson since Plaintiffs waited until November 24, 2014, and after Mr. Johnson's first deposition to disclose Mr. Johnson as Plaintiffs' expert witness with a supplemental Rule 26(a)(2) disclosure.

Plaintiffs argue that any second deposition should be limited in scope. Safeco [Defendant] argues that Mr. Johnson has never been deposed in his capacity as a retained expert witness or regarding his November 20, 2014, expert report and opinions, and it would be prejudicial to Safeco [Defendant] if it was precluded from doing so.

Here, the court agrees with Safeco [Defendant] and finds that Plaintiffs have failed to demonstrate under Fed. R. Civ. P. 26(c) "good cause" to grant a protective order. Accordingly, Plaintiffs' Motion for Protective Order Re: Scope of Second Deposition of Scott Johnson, P.E. (docket no. 63) and Plaintiffs' Supplement to Plaintiffs' Motion for Protective Order Re: Scope of Second Deposition of Scott Johnson, P.E. (docket no. 66) should both be denied.

Date: March 3, 2015