IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01114-WJM-MJW

EUGENE GALLEGOS and
DIANE GALLEGOS,

    Plaintiffs,

v

SAFECO INSURANCE COMPANY OF AMERICA,

    Defendant.

---

## ORDER REGARDING

### (1) PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS REGARDING SELECTIVE ASSERTION OF ATTORNEY-CLIENT PRIVILEGES (DOCKET NO. 37)

### AND

### (2) PLAINTIFFS' MOTION TO COMPEL DOCUMENTS FROM PT & C AND COREY SCHRAUBEN (DOCKET NO. 38)

---

**Entered by U.S. Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's Motion to Compel and for Sanctions Regarding Selective Assertion of Attorney-Client Privileges (docket no. 37) and Plaintiffs' Motion to Compel Documents from PT&C and Corey Schrauben (docket no. 38). The court has reviewed the subject motions (docket nos. 37 and 38), the responses (docket nos. 52, 53, and 55), and the replies (docket nos. 57, 58, and 59). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That in Plaintiffs' Motion to Compel and for Sanctions Regarding Selective Assertion of Attorney-Client Privileges (docket no. 37), the Plaintiffs seek an Order from this court allowing them to re-open the Rule 30(b)(6) deposition of representative Stephanie Weis. In particular, Plaintiffs request that they be permitted to ask Ms. Weis questions concerning the date of Defendant's decision to pay; when a decision was made to cut a check; who participated in the decision; how Defendant determined the amount of the payment; and why (timing wise) Defendant decided to make payment to Mr. Gallegos at his deposition on October 9, 2014. Moreover, Plaintiffs argue that since Defendant has stated in deposition that it made payment to avoid litigation, then Plaintiff should be permitted to inquire as to why payment was not made earlier and if payment was made to avoid litigation, then why Defendant did not pay court costs, interest, attorney fees, and other items of damages sought;

5. Defendant argues that Plaintiffs' Motion to Compel and for

3

Sanctions Regarding Selective Assertion of Attorney-Client Privileges (docket no. 37) should be denied for three principal reasons: (a) inquiry into who made a litigation decision, when the decision was made, and what a party reviewed in making a litigation decision is protected by the attorney-client privilege and work product doctrine; (2) the subject motion (docket no. 37) is moot because the topic of Defendant's decision to issue the $9,782.00 payment to Plaintiffs was not listed in Plaintiffs' Fed. R. Civ. P. 30(b)(6) Notice - this was never an area of inquiry that Plaintiffs requested of the 30(b)(6) witness; and (3) the cost to re-open the 30(b)(6) deposition outweighs any possible probative value of such information requested and would cause an extension to the discovery cut off date;

6. That Rule 26(b) of the Federal Rules of Civil Procedure permits discovery "regarding any *nonprivileged* matter that is relevant to any party's claim or defense" or discovery of any information that "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1) (emphasis added). The party resisting discovery on grounds of privilege or work product doctrine bears the burden of coming forward with facts that would sustain its claim. S.E.C. v. Nacchio, 2007 WL 219966, at *4 (D. Colo. Jan. 25, 2007). Under federal common law, the attorney-client privilege arises (1) where legal advice of any kind is sought,

4

(2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence, (5) by the client, (6) are at his instance permanently protected, (7) from disclosure by himself or by the legal advisor, (8) unless the protection is waived.  See Williams v. Sprint United Management Co., 2006 WL 266599, at *2 (D. Kan. Feb. 1, 2006).  This privilege protects from discovery communications made in confidence between the client and attorney, but it does not protect the underlying facts contained within those communications.  Upjohn Co. v. United States, 449 U.S. 383, 395-96 (1981).  To be covered by the attorney-client privilege, a communication between a lawyer and client must relate to legal advice or strategy sought by the client.  See id.;

7. That the work product doctrine is codified in Fed. R. Civ. P. 26(b)(3) which provides that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent.)."  "Unlike the attorney-client privilege, which protects all communication whether written or oral, work-product immunity protects documents and tangible things, such as memorandums, letters, and e-mails." L-3 Communications Corp. v. Jaxon Engineering & Maintenance, Inc., 2014 WL 3732943, at *5

(D. Colo. July 29, 2014). "In contrast to the attorney-client privilege, the work-product doctrine, or work-product immunity as it is also called, can protect documents that are both non-privileged and relevant. Fed. R. Civ. P. 26(b)(3). Documents prepared in the ordinary course of business, however, are not protected as work product unless the proponent of the protection demonstrates that the documents would not have been created 'but for' the prospect of litigation." Id. "As with the attorney client privilege, the work product doctrine is to be strictly construed, with the burden on the proponent to establish its applicability and non-waiver." Id.;

8. That a judicial admission is a "formal admission[] . . . which has the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." Guidry v. Sheet Metal Workers Int'l Ass'n, Local No. 9, 10 F.3d 700, 716 (10th Cir. 1993) (internal quotation marks omitted), abrogated in part on other grounds on reh'g, 39 F.3d 1078 (1994) (en banc). The doctrine does not apply to "proposition[s] of law." Id. "As a general rule, a stipulation is a judicial admission binding on the parties who make it, absent special considerations." Vallejos v. C.E. Glass Co., 583 F.2d 507, 510 (10th Cir. 1978). "[A]dmissions in the pleadings . . . are in the nature of judicial admissions binding upon the parties, unless withdrawn or amended." Missouri Housing Dev. Comm'n v. Brice, 919 F.2d 1306, 1314 (8th Cir. 1990) (internal quotation marks

6

omitted). Earlier judicial admissions may be found to be binding, even though the admitting party later submits an affidavit at summary judgment contrary to those admissions. See id. at 1314-15; Davis v. A.G. Edwards & Sons, Inc., 823 F.2d 105, 107-08 (5th Cir. 1987) (per curiam);

9. That it is undisputed that Defendant tendered a check to Plaintiff Mr. Gallegos during his deposition on October 9, 2014, in the amount of $9,782.00. It is further undisputed that this payment was not for claims relating to bad faith, unreasonable delay or denial, interest, or court costs. See Ex. 1, 138:8-17 attached to docket no. 37. Plaintiffs' only itemized damages was $10,000. See Exhibit A attached to Response (docket no. 52-1). Plaintiffs provided Defendant an estimate to repair their roof from Van Iwaarden Builders in the amount of $9,782.00. See docket no. 52-1;

10. That the notice for the Rule 30(b)(6) deposition in topic #1 states: "1. All matters relating to the claim of Mr. and Mrs. Gallegos including but not limited to all investigation, the reason for such investigation, all decisions on the claim, the reason for such decisions on the claims, the information used or made available to you for use in connection with Plaintiffs' claim." It is clear that topic #1 covers questions and areas of inquiry which go to the claim in dispute in this case and the reason for such decisions as well as the information used or made available in connection with Plaintiffs'

claim;

11. That Defendant has made the following judicial admissions:

   A. "The amount tendered by Safeco [Defendant] is equal to Plaintiffs' claimed monetary damage in this case. . . ." See Response at page 1 (docket no. 52);

   B. "Rather, the payment was made in an effort to avoid continued litigation over an apparently modest amount of claimed damage, as well as to avoid any claim of continuing or additional damages or losses by Plaintiffs." See Response at page 2 (docket no. 52);

   C. "The issuance of the modest payment was a litigation decision - not a claims handling decision, as it was made well after suit was filed and Safeco [Defendant] retained counsel." See Response at page 3 (docket no. 52.); and,

   D. "Because the cost to repair the roof was modest and greatly exceeded the cost of continued litigation, Safeco [Defendant] decided to pay the amount of $9,782.00 to Plaintiffs in an effort to conclude this litigation and prevent any further claims of continued or additional damages or losses on the property. As was made clear at the time of payment, the payment was not intended to constitute an admission of liability or that coverage exists for Plaintiffs' claim." See Response at pages 4 and 5 (docket no. 52); and

8

      E.      "The decision to pay $9,782.00 to Plaintiffs was made during the course of this ongoing litigation - not in connection with handling of Plaintiffs' claim for damage to their property." See Response at page 9 (docket no. 52);

12. That on October 30, 2014, during the Rule 30(b)(6) deposition, representative Ms. Weis testified, *in essence*, consistent with paragraph 11 above. See deposition transcript of Ms. Weis at 129:9-130: 6, 131:16-132:4 (Oct. 30, 2014) attached as Exhibit D to Response (docket no. 52). However, Ms. Weiss did not answer the following questions during her deposition:

      A.      Who was involved in the decision to pay this claim?

      B.      When did Safeco [Defendant] decide to issue the check?

      C.      Who at Safeco [Defendant] reviewed the estimate, if you know?

As to each of these three above questions, Defendant objected on the basis of attorney-client privilege and work product;

13. That as to the question - **"Okay, And when did Safeco [Defendant] decide to pay this claim?** Ms. Weis answered: **"I don't know the actual date."** See attached Exhibit D to Response (docket no. 52) at 130:21-131:2);

14. That as to questions in paragraph 12. A, B, and C listed above, Safeco's [Defendant's] objections on the basis of the attorney-client

9

privilege and work product are overruled. These questions are not protected under either the attorney-client privilege or work product doctrine. Safeco's [Defendant's] Rule 30(b)(6) representative Ms. Weis shall be required to answer these questions. As to the remainder of the questions as outlined in paragraph 4 above, this court finds that Safeco [Defendant] has already responded to these remaining questions through their judicial admissions in paragraph 11. A through E, inclusive, and by the answer by Ms. Weis in paragraph 13 above. Therefore, no further inquiry will be permitted as to these questions. Accordingly, Plaintiff may set a continued deposition of Safeco's [Defendant's] Rule 30(b)(6) representative Ms. Weis and inquire into those questions listed in paragraph 12 A, B, and C. above only. This continued deposition of Ms. Weis shall be limited to one-half hour, and the court reporter and/or video conference costs shall be paid by Safeco [Defendant] as a sanction, but the cost for any transcript shall be paid by each party;

15. That in Plaintiffs' Motion to Compel Documents from PT&C and Corey Schrauben (docket no. 38), the Plaintiffs seek an Order from this court for the last ten reports signed by Corey Schrauben, P.E. Plaintiffs further seek the last ten reports to Safeco [Defendant] from PT&C regarding residential claims in Colorado. In the subpoena to Mr. Schrauben, Plaintiffs seek the last 15 reports prepared by Mr. Schrauben with the names of the policyholders

10

and the claim number redacted;

16. That Mr. Schrabuen gave a report as to the subject roof claim in this case to Safeco [Defendant] which report was used and relied upon by Safeco [Defendant] to deny Plaintiffs' claim. Plaintiffs argue that they are entitled to previous reports from Mr. Schrauben to demonstrate that his reports are unreliable and biased towards Safeco [Defendant]. In addition, Plaintiffs argue that such reports are relevant to impeachment and credibility should Mr. Schrauben be called as a witness at trial. Since Safeco [Defendant] relied on Mr. Schrauben's report in denying Plaintiffs' roof claim, it is highly likely that Safeco [Defendant] will endorse Mr. Schrabuen as an expert witness in the Final Pretrial Order or Plaintiffs may choose to endorse Mr. Schrauben for trial in the Final Pretrial Order. It should be noted that the Final Pretrial Conference is currently set on April 9, 2015, at 9:30 a.m., and the Final Pretrial Order must be filed with the court on or before April 2, 2015. See docket no. 21. Further, Plaintiffs argues that without such previous reports from Mr. Schrauben, they cannot show that PT&C and Mr. Schrauben have a financial interest in the outcome on this lawsuit based on a continuing business relationship whereby expert opinions were sold. In support of this argument, Plaintiffs rely on Hawkins v. S. Plains Int'l Trucks, Inc., 139 F.R.D. 679, 681 (D. Colo. 1991), and Smartt v. Lamar Oil Co., 623 P.2d 73, 76-77 (Colo. App. 1980);

11

17. That Safeco [Defendant] objects to Plaintiffs' Motion to Compel Documents from PT&C and Corey Schrauben (docket no. 38) on the basis that such motion (docket no. 38) seeks confidential personal and financial information regarding claims of other insureds not at issue in this case. Also, that Safeco [Defendant] does not have the authority to release this confidential and private information to a third party [i.e. the Plaintiffs];

18. That PT&C and Corey Schrauben, P.E., object to requested information on the grounds that such request is unduly burdensome, seeks irrelevant and immaterial information, and is not reasonably calculated to lead to the discovery of admissible evidence;

19. That this court has previously entered a Protective Order in this case on July 15, 2014. See docket no.26; and,

20. That the objections by Safeco [Defendant] and Non-Parties PT&C and Corey Schrauben are overruled. The reports requested from PT&C and Schrauben are relevant as to impeachment and credibility [bias] of Schrauben and are discoverable. The concerns about confidential personal and financial information of other insureds not at issue in this case can be addressed adequately by this court through redaction of confidential personal and financial information and through this court's Protective Order (docket no. 26) entered on July 15, 2014.

12

## ORDER

**WHEREFORE,** based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Plaintiffs' Motion to Compel and for Sanctions Regarding Selective Assertion of Attorney-Client Privileges (docket no. 37) is **GRANTED IN PART AND DENIED IN PART**. This motion (docket no. 37) is **GRANTED** as follows. Plaintiff may set a continued deposition of Safeco's [Defendant's] Rule 30(b)(6) representative Ms. Weis and inquire into those questions listed in paragraph 12. A, B, and C. above only. This continued deposition of Ms. Weis shall be limited to one-half hour, and the court reporter and/or video conference costs shall be paid by Safeco [Defendant] as a sanction, but the cost for any transcript shall be paid by each party. The parties shall meet forthwith and set this continued Rule 30(b)(6) deposition of Ms. Weis. The discovery cut-off date is extended to **March 31, 2015** to allow for the completion of Ms. Weis' deposition. This motion (docket no. 37) is **DENIED** as to the remainder of the questions and other areas of inquiry as outlined in paragraph 4 above;

2. That Plaintiffs' Motion to Compel Documents from PT&C and Corey Schrauben (docket no. 38) is **GRANTED**. That PT&C and Corey Schrauben shall provide the following reports to Plaintiffs on

13

or before **March 18, 2015**: (a) the last ten reports signed by Corey Schrauben, P.E.; (b) the last ten reports to Safeco [Defendant] from PT&C regarding residential claims in Colorado; and (c) the last 15 reports by Mr. Schrauben prepared by Mr. Schrauben. PT&C and Corey Schrauben shall redact the following from all of the reports listed above: the names of the policyholders [i.e., other not-at-issue insureds], confidential personal identifying information and confidential financial information of the not-at-issue insureds, and the claim numbers. The reports listed above are to be used for the limited purpose of this case only and for no other purpose and are subject to the protective order (docket no. 26) entered in this case on July 15, 2014; and,

3. That each party shall pay their own attorney fees and costs for both of these motions (docket nos. 37 and 38), except as provided in paragraph 14 above.

Done this 4th day of March 2015.

                              BY THE COURT

                              <u>s/Michael J. Watanabe</u>
                              MICHAEL J. WATANABE
                              U.S. MAGISTRATE JUDGE